**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTJERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Christine Vallera,<br><br>Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc., a Pennsylvania corporation, Genesis Financial Solutions, Inc., a Delaware corporation, and MRC Receivables Corp., a Delaware corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED<br>MAY 9, 2008 YM<br>08CV2710<br>No. JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE ASHMAN<br><br>Jury Demanded |

**COMPLAINT**

Plaintiff, Christine Vallera, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

3. Plaintiff, Christine Vallera ("Vallera"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt allegedly owed originally to Citibank, but now allegedly owed to Genesis Financial Solutions, Inc.

4.    Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.    Defendant, Genesis Financial Solutions, Inc.  ("Genesis"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Genesis was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.    Defendant, MRC Receivables Corp. ("MRC"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, MRC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.    Defendants Genesis and MRC are debt scavengers, that specialize in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect.  The debts Genesis and

MRC buy are often so old that they are beyond the statute of limitations, and often they have no documentary proof to support the validity of the debt -- a type of debt the media has recently termed “Zombie Debt”.

## FACTUAL ALLEGATIONS

8. Ms. Vallera fell behind in paying her debts. One such debt was the debt she allegedly owed to Citibank, which debt she stopped paying during 1999. This Citibank debt account was sold by Citibank, and eventually it was allegedly purchased by MRC.

9. Accordingly, on January 6, 2006, MRC filed a lawsuit against Ms. Vallera in the Circuit Court for the Eleventh Judicial Circuit, Woodford County, Illinois, in a matter styled, MRC Receivables Corp., v. Vallera, No. 06-SC-017 (the “Small Claims Lawsuit”). A copy of the Complaint in the Small Claims Lawsuit is attached as Exhibit A. Ms. Vallera defended the Small Claims Lawsuit, and on April 10, 2006, because MRC could produce no proof that the Citibank debt was owed, the case was dismissed with prejudice. A copy of this Order in the Small Claims Lawsuit is attached as Exhibit B.

10. At some point in time unknown to Plaintiff, Defendant Genesis purchased Ms. Vallera’s alleged Citibank debt and referred the account to NCO for collection. Defendant NCO thereafter sent Ms. Vallera a collection letter, dated March 15, 2008, demanding that she pay Defendants NCO and Genesis for the Citibank debt -- a debt that she no longer owed. A copy of this letter is attached as Exhibit C.

11. Plaintiff is informed and believes that, in conformance with practices in the debt buyer industry, Defendant MRC represented to Defendant Genesis that the Citibank debt was valid and collectible.

12. Concerned and alarmed at Defendants' false claims -- that she still owed the Citibank debt -- Ms. Vallera told the Defendants that she did not owe the debt at issue. The Defendant told her they would "look into it". Alarmed at Defendants' cavalier response, Ms. Vallera was forced to seek legal counsel.

13. Accordingly, on April 14, 2008, Ms. Vallera's counsel faxed and mailed to Defendant NCO notice that Ms. Vallera was represented by counsel, that she did not owe the debt at issue and that all collection actions had to cease. A copy of this letter is attached as Exhibit D.

14. Defendant NCO responded to Ms. Vallera's counsel via mail with a letter, dated April 15, 2008, that it was ceasing collection action and that all further inquiries should be directed to Defendant Genesis, and provided the address at which to contact Defendant Genesis. A copy of this letter is attached as Exhibit E.

15. Plaintiff is informed and believes that, in conformance with collection industry practices, Defendant NCO, via an immediate electronic transmission, advised its principal, Defendant Genesis, that Ms. Vallera was represented by counsel, did not owe the debt and had demanded that collection efforts cease.

16. Upon receipt of this letter from Defendant NCO, Ms. Vallera's counsel, to ensure that the illegal collection action would cease, sent Defendant Genesis a letter on April 22, 2008, to reiterate that Ms. Vallera was represented by counsel, that the debt at issue was absolutely no longer owed (as evidence by the dismissal Order from the Small Claims Lawsuit that was enclosed with the letter), and that demanded the cessation of all collection efforts. A copy of this letter is attached as Exhibit F.

17.    All of the Defendants' collection actions for which redress is sought occurred within one year of the date of this Complaint.

18.    Defendants' collection actions are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

19.    Plaintiff adopts and realleges ¶¶ 1-18.

20.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

21.    Defendants violated § 1692e of the FDCPA by making false statements to or about Plaintiff, including, but not limited to:

a.    Defendants Genesis and NCO falsely claiming to Plaintiff that she still owed the debt at issue when, in fact, that debt was no longer owed because it was barred by res judicata and/or time barred;

b.    Defendant Genesis falsely representing to Defendant NCO that the Plaintiff owed the debt at issue, when, in fact, that debt was no longer owed because it was barred by res judicata and/or time barred; and,

c.    to the extent Defendant MRC sold the debt at issue to Defendant Genesis within the last year, Defendant MRC falsely represented that the debt at issue was still owed by Plaintiff or was a valid obligation.

22.    Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

23.    Plaintiff adopts and realleges ¶¶ 1-18.

24.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

25.    Defendants' violations of § 1692f of the FDCPA, include, but are not limited to: attempting to collect a debt which Defendants have no documentary proof to support their claim, falsely claiming that Ms. Vallera owed the debt, and attempting to collect on a debt was barred by res judicata and/or time barred.

26.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Christine Vallera, prays that this Court:

1.    Declare that Defendants' debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Vallera, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff Christine Vallera, demands trial by jury.

Christine Vallera,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  May 9, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
WOODFORD COUNTY, ILLINOIS

MRC RECEIVABLE CORP

Plaintiff

vs.

CHRISTINE VALLERA

Defendant

Case No. 2006 SC -017

Amount Claimed $ 1855.64 + costs

FILED
IN THE CIRCUIT COURT
OF WOODFORD COUNTY, IL
JAN 06 2006
[signature]

08CV2710
JUDGE DER-YEGHIAYAN YM
MAGISTRATE JUDGE ASHMAN

## COMPLAINT

**NOW COMES** the Plaintiff, Mrc Receivable Corp, and complaining of the Defendant, claims as follows:

1. Plaintiff, Mrc Receivable Corp, is a corporation authorized to do business in the State of Illinois and the Defendant, Christine Vallera, is a resident of Woodford County, Illinois.

2. The Defendant, Christine Vallera, opened a CITIBANK charge account with Plaintiff agreeing to make monthly payments as required by the terms of the Charge Agreement, for purchases charged to the account.

3. The Plaintiff, Mrc Receivable Corp, did take an assignment of said Charge Account in good faith, for value and in regular course of business.

4. The Defendant, Christine Vallera, did make purchases and charged same to the account, but the Defendant, Christine Vallera, failed to make the monthly payments called for on the account. Attached hereto and incorporated herein is Plaintiff's account stated in the amount of $ 1855.64. See Plaintiff's Exhibit No. 1.

5. Plaintiff, Mrc Receivable Corp, declared Defendant, Christine Vallera, to be in default and demands payment of balance.

**WHEREFORE,** the Plaintiff, Mrc Receivable Corp, prays for judgment against the Defendant, Christine Vallera, in the amount of $ 1855.64 plus costs and/or interest to accrue.

MRC RECEIVABLE CORP

[signature]
Attorney for Plaintiff

Blatt, Hasenmiller, Leibsker & Moore, LLC
Attorneys for Plaintiff
211 Landmark Dr. Suite E5
Normal, Illinois 61761
(866) 269-9858

Ref# 1680895

THIS COMMUNICATION IS FROM A DEBT COLLECTOR



1680895

Form 409 (Illinois & Indiana)

State of _______________)
) ss.
County of _______________)

In ______________________________ Court

______________________ Judicial (Circuit/District)

MRC Receivables Corp. - CRG,
Plaintiff
Vs.

Affidavit

VALLERA, CHRISTINE,
Defendant

After first being sworn upon oath, JUDY RICHTER, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of MRC Receivables Corp. - CRG. I make the statements herein based upon my personal knowledge. MRC Receivables Corp. - CRG is the current owner of, successor to, and/or holder in due course of the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of all relevant financial information concerning Midland Credit Management, Inc.'s account number [redacted], which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff MRC Receivables Corp. - CRG were retained on MRC Receivables Corp. - MRC Receivables Corp. - CRG behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to MRC Receivables Corp. - CRG the sum of $1,855.64.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's CITIBANK account number, [redacted], to the plaintiff.

4. That the final statement of account reveals that the defendant owed a principal balance of $1,855.64 on 2005-10-24; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 11 day of December, 2005.

JUDY RICHTER

Judy Richter
Affiant's Signature

page 1 of 2

EXHIBIT 1

Form 409 (Illinois & Indiana)

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 11 day of December 2005 by JUDY RICHTER personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

Elizabeth Ann Neu
Notary Public-Minnesota
My Commission Expires Jan. 31, 2010

Elizabeth Ann Neu
Notary Public for the State of Minnesota

BLATT, HASENMILLER, LEIBSKER & MOORE

page 2 of 2

EXHIBIT 1

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF WOODFORD

No. 06 SC 017

MRC Receivable Corp

vs.

Christine Vallera

FILED
IN THE CIRCUIT COURT
OF WOODFORD COUNTY, IL
APR 10 2006
Carol J. Newtson

ORDER

This cause is dismissed with prejudice.

08CV2710
JUDGE DER-YEGHIAYAN YM
MAGISTRATE JUDGE ASHMAN

EXHIBIT B

Enter: Charles M. Feeney

Judge

Date: April 10 20 06

Attorney

DEPT 02
WILMINGTON, DE 19850

NCO FINANCIAL SYSTEMS,INC.

507 Prudential Road, Horsham, PA 19044

800-685-4343
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY

Calls to or from this company may be monitored or recorded for quality assurance.

Mar 15, 2008

CHRISTINE VALLERA
IL

08CV2710
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE ASHMAN

YM

CREDITOR: GENESIS FINANCIAL SOLUTIONS
CURRENT BALANCE DUE: $ 1855.64
(SEE BACK FOR DETAIL)

Your account(s) was sold to Genesis Financial Solutions, Inc. NCO Financial Systems, Inc. is the servicer of this account(s).

The creditor has agreed to accept 60 percent of the balance listed above or $1113.38 as a lump sum settlement of the account(s). This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid.

Should you choose to accept this offer, please enclose the bottom portion of this letter, or a copy thereof, with your settlement payment and mark your check or money order with the account number and that this is a settlement.

You may also make payment by visiting us online at **www.ncofinancial.com**. Your unique registration code is

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
| --- | --- |
| | $ 1855.64 |

CHRISTINE VALLERA

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15372
WILMINGTON, DE 19850-5372

NCO G3
34711

0102000Y674393000000320000000000001855647

THE LAW FIRM OF

PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

08CV2710
JUDGE DER-YEGHIAYAN YM
MAGISTRATE JUDGE ASHMAN

April 14, 2008

**VIA FACSIMILE: 443-263-3050**
**And U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania 19044

Re: Christine Vallera (NCO Account No. [redacted],
Citi Bank No. [redacted])

To Whom It May Concern:

Please be advised that we represent Christine Vallera regarding NCO's attempt to collect a debt that she allegedly owed originally to Citi Bank (Account No. [redacted]) in the amount of $1,855.64, and then allegedly owed to MRC Receivables, and now allegedly owes to NCO's client, Genesis Financial Solutions. A copy of NCO's March 15, 2008 letter is enclosed. First, our client absolutely no longer owes this debt and demands you cease collection of it. Second, on behalf of our client, we hereby dispute the validity of that debt and demand validation of same.

Very truly yours,

David J. Philipps
DJP:ef

Cc: **VIA FACSIMILE: 504-828-3737**
Brian D. Roth
Sessions, Fishman & Nathan, LLP
3850 North Causeway Boulevard
Metairie, Louisiana 70002

9760 South Roberts Road, Suite One, Palos Hills, Illinois 60465
708.974.2900 Fax 708.974.2907
www.philippsconsumerlaw.com

EXHIBIT
D

WILMINGTON, DE 19850

NCO FINANCIAL SYSTEMS, INC.
507 Prudential Road, Horsham, PA 19044

800-685-4343
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Mar 15, 2008

Calls to or from this company may be monitored or recorded for quality assurance.

CHRISTINE VALLERA
IL

CREDITOR: GENESIS FINANCIAL SOLUTIONS
CURRENT BALANCE DUE: $ 1855.64
(SEE BACK FOR DETAIL)

Your account(s) was sold to Genesis Financial Solutions, Inc. NCO Financial Systems, Inc. is the servicer of this account(s).

The creditor has agreed to accept 60 percent of the balance listed above or $1113.38 as a lump sum settlement of the account(s). This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid.

Should you choose to accept this offer, please enclose the bottom portion of this letter, or a copy thereof, with your settlement payment and mark your check or money order with the account number and that this is a settlement.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is .

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| | $ 1855.64 |

CHRISTINE VALLERA
Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15372
WILMINGTON, DE 19850-5372

NCO G3
34711

010200Y6743930000003200000000001855647

| Transaction Report | | | | | |
|---|---|---|---|---|---|
| Send | | | | | |
| Transaction(s) completed | | | | | |
| No. TX Date/Time | Destination | Duration | P.# | Result | Mode |
| 995 APR-14 16:56 | 4432633050 | 0'00'20" | 002 | OK | N ECM |

THE LAW FIRM OF
PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 14, 2008

**VIA FACSIMILE: 443-263-3050**
**And U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania 19044

Re: Christine Vallera (NCO Account No. [redacted]
Citi Bank No. [redacted])

To Whom It May Concern:

Please be advised that we represent Christine Vallera regarding NCO's attempt to collect a debt that she allegedly owed originally to Citi Bank (Account No. [redacted]) in the amount of $1,855.64, and then allegedly owed to MRC Receivables, and now allegedly owes to NCO's client, Genesis Financial Solutions. A copy of NCO's March 15, 2008 letter is enclosed. First, our client absolutely no longer owes this debt and demands you cease collection of it. Second, on behalf of our client, we hereby dispute the validity of that debt and demand validation of same.

Very truly yours,

David J. Philipps
DJP:ef

Cc: **VIA FACSIMILE: 504-828-3737**

Transaction Report

Send
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration | P.# | Result | Mode |
|---|---|---|---|---|---|---|
| 996 | APR-14 16:57 | 504 828 3737 | 0'00'16" | 002 | OK | N ECM |

THE LAW FIRM OF
PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 14, 2008

**VIA FACSIMILE: 443-263-3050**
**And U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania 19044

Re: Christine Vallera (NCO Account No. [redacted],
Citi Bank No. [redacted])

To Whom It May Concern:

Please be advised that we represent Christine Vallera regarding NCO's attempt to collect a debt that she allegedly owed originally to Citi Bank (Account No. [redacted]) in the amount of $1,855.64, and then allegedly owed to MRC Receivables, and now allegedly owes to NCO's client, Genesis Financial Solutions. A copy of NCO's March 15, 2008 letter is enclosed. First, our client absolutely no longer owes this debt and demands you cease collection of it. Second, on behalf of our client, we hereby dispute the validity of that debt and demand validation of same.

Very truly yours,

David J. Philipps
DJP:ef

Cc: **VIA FACSIMILE: 504-828-3737**

U.S. Postal Service™

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

Postmark Here

7006 3450 0001 9915 0826

Sent To: NCO Financial Systems, Inc.

Street, Apt. No.; or PO Box No.: 507 Prudential Road

City, State, ZIP+4: Horsham Pennsylvania 19044

PS Form 3800, August 2006 — See Reverse for Instructions



NCO

NCO Financial Systems, Inc.

507 Prudential Road
Horsham, PA 19044
1-866-305-9426

Office Hours: 8:00 a.m. - 9:00 p.m. Monday through Thursday, 8:00 a.m. - 5:00 p.m. Friday, 8:00 a.m. - 12:00 noon Saturday

April 15, 2008

08CV2710
JUDGE DER-YEGHIAYAN YM
MAGISTRATE JUDGE ASHMAN

David J. Philipps, Esq.
9760 South Roberts Road, Suite 1
Palos Hills, IL 60465

Re: Your Client: Christine Vallera

| Our Reference No(s). | Creditor(s) |
|---|---|
| [redacted] (main2) | Genesis Financial Solutions |
| | Account No.: [redacted] |

Dear David J. Philipps, Esq.:

Thank you for your inquiry regarding the above-referenced account. Please be advised that the above-referenced account is closed in our office. Further inquiry regarding the underlying debt may be directed to Genesis Financial Solutions, 8405 SW Nimbus Avenue Suite A, Beaverton, OR 97008.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Alina R. Dukhovnaya
Incoming Data Management

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.

EXHIBIT
E
tabbies

THE LAW FIRM OF

PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

08CV2710
JUDGE DER-YEGHIAYAN YM
MAGISTRATE JUDGE ASHMAN

April 22, 2008

**U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Genesis Financial Solutions
8405 SW Nimbus Avenue
Suite A
Beaverton, Oregon 97008

Re: Christine Vallera (NCO Account No. [redacted];
Citibank No. [redacted])

To Whom It May Concern:

Please be advised that we represent Christine Vallera regarding NCO's and Genesis' attempts to collect a debt that she allegedly owed originally to Citibank (Account No. [redacted]) in the amount of $1,855.64, and then allegedly owed to MRC Receivables, and now allegedly owes to your firm, Genesis Financial Solutions. A copy of NCO's April 15, 2008 letter is enclosed. First, our client absolutely no longer owes this debt and demands you cease collection of it. The prior owner of the debt, MRC Receivables Corp., sued our client and lost its case when it was dismissed with prejudice. See, April 10, 2006 Order entered in MRC Receivalbe Corp. v. Christine Vallera, No. 2006-SC-0017 (Circuit Court of Woodford County, Ill.). A copy of the Court's April 10, 2006 Order is attached. Second, on behalf of our client, we hereby dispute the validity of that debt and demand validation of same.

Very truly yours,

David J. Philipps
DJP:ef

Cc: **VIA FACSIMILE: 504-828-3737**
Brian D. Roth
Sessions, Fishman & Nathan, LLP
3850 North Causeway Boulevard
Metairie, Louisiana 70002

9760 South Roberts Road, Suite One, Palos Hills, Illinois 60465
708.974.2900 Fax 708.974.2907
www.philippsconsumerlaw.com

EXHIBIT
F

NCO

NCO Financial Systems, Inc.

507 Prudential Road
Horsham, PA 19044
1-866-305-9426

Office Hours: 8:00 a.m. - 9:00 p.m. Monday through Thursday, 8:00 a.m. - 5:00 p.m. Friday, 8:00 a.m. - 12:00 noon Saturday

April 15, 2008

David J. Philipps, Esq.
9760 South Roberts Road, Suite 1
Palos Hills, IL 60465

Re: Your Client: Christine Vallera

| Our Reference No(s). | Creditor(s) |
| --- | --- |
| [redacted](main2) | Genesis Financial Solutions |
| | Account No.: [redacted] |

Dear David J. Philipps, Esq.:

Thank you for your inquiry regarding the above-referenced account. Please be advised that the above-referenced account is closed in our office. Further inquiry regarding the underlying debt may be directed to Genesis Financial Solutions, 8405 SW Nimbus Avenue Suite A, Beaverton, OR 97008.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Alina R. Dukhovnaya
Incoming Data Management

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF WOODFORD

No. 06 SC 017

MRC Receivable Corp

vs.

Christine Vallera

FILED
IN THE CIRCUIT COURT
OF WOODFORD COUNTY, IL
APR 10 2006
[signature]

ORDER

This cause is dismissed with prejudice.

Enter: [signature]
Judge

Date: April 10 20 06

Attorney

Transaction Report

Send
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration | P.# | Result | Mode |
|---|---|---|---|---|---|---|
| 099 | APR-22 16:31 | 504 828 3737 | 0°00'17" | 003 | OK | N ECM |

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 22, 2008

**U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Genesis Financial Solutions
8405 SW Nimbus Avenue
Suite A
Beaverton, Oregon 97008

Re: Christine Vallera (NCO Account No. [redacted],
Citibank No. [redacted])

To Whom It May Concern:

Please be advised that we represent Christine Vallera regarding NCO's and Genesis' attempts to collect a debt that she allegedly owed originally to Citibank (Account No. [redacted]) in the amount of $1,855.64, and then allegedly owed to MRC Receivables, and now allegedly owes to your firm, Genesis Financial Solutions. A copy of NCO's April 15, 2008 letter is enclosed. First, our client absolutely no longer owes this debt and demands you cease collection of it. The prior owner of the debt, MRC Receivables Corp., sued our client and lost its case when it was dismissed with prejudice. See, April 10, 2006 Order entered in MRC Receivalbe Corp. v. Christine Vallera, No. 2006-SC-0017 (Circuit Court of Woodford County, Ill.). A copy of the Court's April 10, 2006 Order is attached. Second, on behalf of our client, we hereby dispute the validity of that debt and demand validation of same.

Very truly yours,

David J. Philipps
DJP:ef
Cc: **VIA FACSIMILE: 504-828-3737**

7006 3450 0001 9915 0840

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .41 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.62 |

Postmark Here

Sent To: Genesis Financial Solutions
Street, Apt. No.; or PO Box No.: 8405 SW Nimbus Ave, Suite A
City, State, ZIP+4: Beaverton, Oregon 97008

PS Form 3800, August 2006 See Reverse for Instructions